Filed 11/2/22  P. v. Cordon-Suchtiz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MYNOR ROLANDO CORDON-SUCHTIZ,<br><br>    Defendant and Appellant. | G061315<br><br>(Super. Ct. No. 02CF0424)<br><br>O P I N I O N |

* * *

        Appeal from an order of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

        Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

*        *        *

The trial court denied defendant Mynor Rolando Cordon-Suchtiz's Penal Code section 1170.95 petition seeking to vacate his murder conviction and to be resentenced (now Pen. Code, § 1172.6).[1] The court found the record of conviction "shows that Mr. Cordon-Suchtiz was the actual shooter in this matter and was guilty of the attempted murder. [¶] So I am going to deny the prima facie request."

Cordon-Suchtiz filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Cordon-Suchtiz did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 268.) Thus, we affirm the order of the trial court.

I

BRIEF FACTS AND PROCEDURAL HISTORY

In February 2002, Cordon-Suchtiz and two other men got into a victim's car, tied his hands behind his back, and took his cash. The three men took the victim to a sandy ravine, where Cordon-Suchtiz shot him in the head.

A jury found Cordon-Suchtiz guilty of first degree attempted murder, kidnapping to commit robbery, and kidnapping for carjacking. (§§ 187, subd. (a), 664, 209, subd. (b), 209.5, subd. (a).) The jury found true allegations Cordon-Suchtiz personally and intentionally discharged a firearm, causing great bodily injury. (§ 12022.53, subd. (d).) The trial court imposed consecutive sentences of life without the possibility of parole and 25 years to life.

In January 2022, Cordon-Suchtiz filed a petition for resentencing. Cordon-

_____

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

Suchitz averred: "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine."

In February 2022, the prosecution filed a response. The response included a copy of the jury's verdict forms, the underlying unpublished opinion, and a copy of the jury instructions.

In March 2022, the trial court conducted a prima facie hearing and denied Cordon-Suchtiz's petition. The court stated: "This case was not tried under a natural and probable consequence theory. It was a straight specific intent to kill with premeditation and deliberation. [¶] So even though it is a very low burden, the court finds that there is evidence in the documents that have been supplied that shows that Mr. Cordon-Suchtiz was the actual shooter in this matter and was guilty of the attempted murder. [¶] So I am going to deny the prima facie request."

II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

3

In this case, we have reviewed the record on appeal. Based on our independent judgment and analysis, we have similarly found no arguable issues that require briefing or argument. (See *Wende*, *supra*, 25 Cal.3d at p. 442, fn. 3.) The first degree attempted murder conviction, the true finding on the firearm enhancement, and the jury instructions all confirm Cordon-Suchtiz was the actual attempted killer.

Thus, Cordon-Suchtiz is ineligible for relief under section 1172.6 as a matter of law and the trial court properly denied the petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

III

DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.